UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELRICK ABRAMS, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-587** |
| **RANDY SEAL, ET AL** | **SECTION: "S" (5)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Reconsider** (Rec. Doc. 25) is **DENIED.**

BACKGROUND

This claim was brought under 42 U.S.C. § 1983 alleging false arrest, malicious prosecution, and false imprisonment. The court previously granted the defendants' Motion to Dismiss, after plaintiff failed to file an opposition to the motion, attempts by the court to reach him were unsuccessful, and the court's review of the plaintiff's Complaint indicated that the claims – which stem from a 2013 arrest and a 2018 encounter with the legal system – were prescribed on their face. Plaintiff has now filed a Motion to Reconsider under Federal Rules of Civil Procedure 59 and 60.

DISCUSSION

*Legal Standard*

The general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of

the Federal Rules of Civil Procedure. See Johnson v. Inv. Equities, LLC, 2019 WL 2250254, at *1 (E.D. La. May 24, 2019) (collecting cases). A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves " 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " Basinkeeper v. Bostick, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): " '(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.' " Berezowsky v. Rendon Ojeda, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the United States Court of Appeals for the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.' " Id. (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgement.' " Id. (quoting Templet, 367 F.3d at 479).

    There has been no intervening change in controlling law, and the movant has not presented newly discovered evidence in connection with his motion. Thus, the only potential basis for reconsideration in this matter is to correct a manifest error of law or fact. The court dismissed this matter because it was prescribed on its face. Therefore, to succeed in his motion, plaintiff must demonstrate that his suit is not prescribed and the court erred in so finding.

*Prescription and Equitable Tolling*

Federal courts borrow the forum state's statutes of limitation provisions for section 1983 claims. Wallace v. Kato, 549 U.S. 384, 387 (2007); Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (5th Cir.1993). Because §1983 claims are best characterized as personal injury actions, federal courts apply the law of the forum state for the prescription of personal injury claims to section 1983 claims. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). In Louisiana, personal injury claims are subject to a one-year liberative prescription period. La. Civ. Code art. 3492. Thus, Louisiana's one-year prescriptive period applies to plaintiff's claims.

Federal courts also apply any applicable state-law tolling provisions. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). In Louisiana, equitable tolling, known as *contra non valentem*, applies when a plaintiff is " 'effectually prevented from enforcing his rights for reasons external to his own will.' " Bradley, 958 F.3d at 394 (quoting Wimberly v. Gatch, 635 So. 2d 206, 211 (La. 1994). Louisiana law recognizes four instances where *contra non valentem* prevents the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting; (3) where the defendant; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. Jenkins v. Starns, 85 So. 3d 612, 623 (La. 2012)(citations omitted). *Contra non valentem* is applied only in exceptional circumstances and "will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own

willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." Marin v. Exxon Mobil Corp., 48 So.3d 234, 245-46 (La. 2010).

However, "when a cause of action under § 1983 accrues is a question of federal law." Bradley v. Sheriff's Dep't St. Landry Par., 958 F.3d 387, 391 (5th Cir. 2020). Under federal law, a cause of action accrues "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.' " Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016) (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)). "For false-arrest and false-imprisonment claims, the limitations period accrues when the plaintiff 'becomes held pursuant to [legal] process—when, for example, [s]he is bound over by a magistrate or arraigned on charges.' " Reed v. Edwards, 487 F. App'x 904, 905–06 (5th Cir. 2012) (quoting Wallace, 549 U.S. 384, 389–90 (2007).

***Application to Facts of Case***

Plaintiff's complaint alleges that he was falsely arrested without probable cause for aggravated rape in 2013 by the Washington Parish Sheriff Department, Sheriff Randy Seal, and Detective Rice. He also alleges a claim of malicious prosecution as to these defendants. The complaint further alleges that plaintiff never pleaded guilty to the charges, and the charges were dismissed by the 22nd Judicial District Court in 2018. Plaintiff further claims that instead of releasing him, the Washington Parish Sheriff's Department and Sheriff Randy Seal transferred him to another jail, keeping him falsely imprisoned for three additional weeks. He further alleges that his constitutional rights were violated by denying him transcripts of the 2018 proceeding, which he argues would reveal that he never pleaded guilty and that the charges against him were

dismissed.

The court previously found that this matter was prescribed on its face, because suit was filed on March 22, 2021, and the alleged constitutional violations, the original false arrest, malicious prosecution, and subsequent imprisonment in 2013, and the alleged continued false imprisonment following the purported guilty plea in 2018, occurred beyond the one-year limitations period.

In the instant motion to reconsider, plaintiff argues that he is entitled to equitable tolling/*contra non valentem,* because he did not become aware of defendants's fraud until December 2020, and therefore could not have filed suit before then. The fraud complained of is "court minutes that are not official to prove plaintiff plead[ed] guilty."[1] Specifically, plaintiff claims that court personnel drafted fraudulent minutes reflecting that he entered a guilty plea when he in fact did not, and that he could not discover the fraud without full transcripts of the plea. He argues that he did not realize that the transcripts were being withheld from him until December 2020, when one of his requests for the transcripts was denied, and that he still has not received the transcript of the 2018 plea hearing.

The court first observes that the record in this matter reflects that on January 19, 2018, defendant, who was represented by counsel, appeared in open court with his counsel in connection with charges of aggravated rape (two counts), molestation of a juvenile, and indecent behavior with a juvenile.[2] The District Attorney's Office for the 22nd Judicial District Court

---

[1] Rec. Doc. 25, 4.

[2] Rec. Doc. 19-6, Minutes of Jan. 19, 2018, Case # 13-CR-14023, State v. Abrams.

amended Count 1 to Obscenity, and plaintiff, through counsel, withdrew his former plea of not guilty and entered a plea of guilty to La. R.S. 14:106A(a), Obscenity Under Age of 17. The presiding 22nd Judicial District Court judge, after informing plaintiff of his rights and options, accepted his guilty plea and imposed a sentence giving him credit for time served from the date of his arrest.

Notwithstanding this very convincing evidence that plaintiff did in fact enter a guilty plea, even crediting his allegations and arguments, plaintiff's equitable tolling argument is unpersuasive. To the extent plaintiff's complaint is premised on his alleged false arrest, malicious prosecution, and imprisonment in 2013, and alleged false imprisonment in 2018, plaintiff clearly knew that he had been arrested and imprisoned contemporaneously with those events, and the one-year liberative prescription periods began to run in 2013 and 2018, respectively. Further, in his memorandum in support of his motion, plaintiff states that in 2019, he was stunned to learn for the first time that the minutes reflected that he had pleaded guilty. Accordingly, by his own admission, plaintiff knew in 2019 that state records reflected that he was convicted on his guilty plea, and additional transcripts were not required to make him aware of this fact. Equitable tolling for any claim premised on the fraudulent or negligent characterization of his plea hearing in the court minutes thus accrued at some point in 2019 at the very latest. Further, to the extent plaintiff suggests that the failure to provide transcripts tolled the running of limitations for a claim based on the denial of a constitutional right to the transcripts, defendants herein are not the proper defendants for such a claim. Plaintiff's suit filed in 2021 is too late.

Plaintiff has failed to establish that the court's previously dismissal of his claim as

prescribed was the produce of a manifest error of law or fact, and accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Reconsider** (Rec. Doc. 25) is **DENIED.**

New Orleans, Louisiana, this __6th__ day of December, 2021.

                                          **MARY ANN VIAL LEMMON**
                                          **UNITED STATES DISTRICT JUDGE**